No. 33,424

BLANCHE E. FULTON, as an Individual and as Executrix of the Last Will and Testament of F. A. Gackenbach, Deceased, *Appellees*, v. ROE MENEFEE, *Appellant;* THE ANCIENT ORDER OF UNITED WORKMEN and THE WESTERN CASUALTY AND SURETY COMPANY (Intervenors), *Appellees*.

(68 P. 2d 1112)

Opinion filed June 12, 1937.

*D. W. Eaton,* of Wichita, for the appellant.

*Paul Brown, Silas S. Brown, Richard E. Bird* and *Richard E. Bird, Jr.,* all of Wichita, for the appellees.

*A. V. Roberts, Benjamin F. Hegler* and *Roger P. Almond,* all of Wichita, for intervenor appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to set aside a deed, the assignments of certain certificates of corporate stock, certificates evidencing rights in oil and gas royalties, and placer location notices, and endorsements on certain notes, upon the grounds that the properties represented by these instruments were owned by the testator at the time of his death; that the instruments were in his possession, and that defendant wrongfully obtained possession of them thereafter. The trial court made findings of fact and conclusions of law and rendered judgment for plaintiff. Defendant has appealed.

In her petition plaintiff alleges that she is the duly appointed, qualified and acting executrix of the will of F. A. Gackenbach, a resident of Sedgwick county, who died January 1, 1933, and the sole beneficiary under the will and the sole heir of the testator; that at

the time of his death the testator was the owner of certain described real property in Sedgwick county; that after his death, among his effects was found a deed executed by him for the real property to some person unknown to plaintiff; that the name of the grantee in the deed had been erased, and the name of the defendant, Roe Menefee, written in its place by someone unknown to plaintiff; that the deed was in his possession and had never been delivered at the time of his death, and was never executed and delivered as a deed of conveyance of the property to the defendant; that thereafter defendant wrongfully obtained possession of the deed and recorded the same, and claims to be the owner of the real property described therein; that defendant never paid or gave any consideration for the property, and has in fact no right, title, interest, or estate in or to the same. As a second cause of action plaintiff alleged that at the time of his death the testator was the owner of certain shares of stock in the American Cemetery Association, some of which was represented by certificates in his name and some in the names of other persons; that he was also the owner of certain certificates of interests in oil and gas royalties and in placer location notices, and that he was the owner, also, of certain notes payable to him executed by the American Cemetery Association, and that all of these were in his possession at the time of his death; that the certificates mentioned had endorsed thereon, "Assigned to Roe Menefee, F. A. Gackenbach;" that where the name of Roe Menefee appeared on each of the certificates there had been an erasure of another name unknown to plaintiff, and the name "Roe Menefee" wrongfully written over such erased name by someone unknown to plaintiff; that the defendant has never had, and does not now have, any right, title, interest, or estate in or to the shares of stock in the American Cemetery Association, or in the oil and gas royalties, and the certificates representing them, or in the placer location notices, or in the promissory notes; that all of these instruments were in the possession of the testator at the time of his death, and were not, and never had been, in the possession of defendant; that the testator had never sold, assigned, transferred, or delivered any of them to the defendant, and that she had never paid any consideration for them; that after the death of the testator the defendant wrongfully obtained possession of these instruments, and now claims to be the owner of them and the property represented by them. The prayer was that the deed to the real property be canceled and set aside, and

that the endorsements upon the certificates and notes be canceled, and that the instruments and the property represented by them be adjudged to be assets of the estate of the testator, and that defendant be adjudged to have no right, title, interest, or estate therein.

In her answer the defendant, Roe Menefee, alleged that since 1920 she had been engaged as secretary, bookkeeper and stenographer for F. A. Gackenbach; that for many years he was the financial secretary of the A. O. U. W. Lodge and the Degree of Honor in Wichita; that in 1930 he acquired control and assumed the management of the American Cemetery Association and became its president and the owner of its common stock; that at the time he proposed to defendant that if she would continue to work with him and to assist in the management and affairs of the cemetery association he would, and did, transfer to her fifty shares of the common stock of the corporation; that beginning in 1930 she received from the cemetery association $10 per week for her services as stenographer and bookkeeper and for other services performed for the corporation; that the salary was paid weekly, and pursuant to an arrangement with F. A. Gackenbach and defendant she endorsed and delivered to him her salary check each week which she received from the American Cemetery Association; that from time to time thereafter he agreed with defendant that if she would continue her services he would transfer to her additional shares of stock, which would give her a controlling interest in the common stock of the cemetery association; that pursuant to this understanding and agreement, and as stated by him, "for the faithfulness and loyalty," he transferred to her eighty additional shares of the common stock and thirty-two shares of the preferred stock of the cemetery association; that he did in fact issue and deliver the stock to her about the first of December, 1932; that for about ten years there was a safe in the office, the property of the A. O. U. W. Lodge, to which defendant and F. A. Gackenbach had access from time to time, and that it was the practice of each of them to keep their private papers therein; that upon the delivery to defendant of the shares of stock above mentioned she placed them in this safe with other papers belonging to her, and that the same remained in the safe, but in possession of this defendant, until after the death of F. A. Gackenbach; that the safe was not the private safe of F. A. Gackenbach, but was a common safe for the keeping of divers documents, papers and articles, including those of the defendant; that from time to time, over a period of ten years, F. A. Gackenbach transferred certain royalties to defendant, and also

some placer mining certificates, all of little or no value, which she kept in the safe; and that on or about December 1, 1932, F. A. Gackenbach endorsed to defendant and to Blanche È. Fulton four certain promissory notes and delivered them to defendant, which she has retained in her possession. Defendant alleged that she is the owner of the real estate in question, which had been duly conveyed to her by F. A. Gackenbach, and that she is also the owner and in possession of all of the personal property described in the answer, and denied that the plaintiff, either in her private capacity or as executrix, has any right, title, or interest in or to the same; and by cross petition asked to have her title to the real property quieted, and that she be adjudged the owner of the personal property.

At the time of his death F. A. Gackenbach was in default in payments to the Grand Lodge of A. O. U. W. of moneys which he had collected as financial secretary of the Wichita lodge, in the sum of $3,284.67. The surety company on his bond for $2,500 paid that sum to apply upon this shortage and filed its claim therefor in the probate court. The Grand Lodge filed its claim for the balance due, both of which claims were allowed. In this action the Grand Lodge and the surety company intervened, setting up all the facts, and alleged that if there had been a delivery of the deed and of other instruments in question to the defendant that the same was made under circumstances fraudulent to the intervenors.

The trial court made detailed findings of fact and conclusions of law. We summarize those material here as follows: F. A. Gackenbach was the financial recorder of the Wichita Lodge A. O. U. W. and president of the American Cemetery Association. On December 1, 1932, he was the owner and holder of four promissory notes, executed by the cemetery association and payable to him, of the aggregate face value of $5,173.55, which he endorsed payable to the order of Blanche Fulton and Roe Menefee. Neither of them paid any consideration for these notes. They were not delivered to the endorsees and were in his safe when he died. The cemetery association was in financial difficulties. The validity or value of these notes was not an issue in this case. F. A. Gackenbach originally was the owner of 249 shares of the common stock and 290 shares of the preferred stock of the American Cemetery Association out of a total of 300 shares of each kind. He had transferred 205 shares of the preferred stock to Wichita Lodge A. O. U. W., one share to Betty Fulton, and two to Jane Gackenbach, and nineteen shares of the com-

mon stock to Mrs. Bloss, none of which is involved in this action. He had also sold four shares of preferred stock to his daughter, Blanche Fulton, for $400, but a certificate for these shares had not been issued and delivered to her. At sometime he had endorsed to his daughter, Blanche Fulton, certificates of stock previously issued to him, representing one hundred shares of common and forty-four shares of preferred stock. The endorsee knew nothing of this and paid for none of the shares, except for four shares of preferred stock. The certificate with the endorsement of these shares had not been delivered and was in his safe at the time of his death. In 1930 he endorsed fifty shares of common stock to defendant, and on December 1, 1932, he endorsed eighty shares of common and thirty-two shares of preferred stock to defendant. These were never transferred to defendant on the books of the cemetery association and were never delivered to defendant by him. Defendant paid no consideration for these certificates. On December 1, 1932, or sometime prior thereto, F. A. Gackenbach assigned to defendant the placer notices and certificates of oil and gas royalties in controversy, but he never delivered these to her and was paid no consideration for them. At sometime F. A. Gackenbach had executed, but retained, a deed for the real property in controversy. About December 1, 1932, he erased the name of the grantee in the deed and inserted the name of defendant. This deed had never been recorded nor delivered to defendant and she had paid no consideration therefor. When F. A. Gackenbach endorsed the note and assigned the certificate and changed the name of the grantee in the deed he knew he was indebted to the Grand Lodge A. O. U. W. in substantially the same amount as at the time of his death. Such other property as he owned at the time of his death was insufficient to pay his debts. In his office was a large iron safe with a combination lock on the outer door and having an inside steel compartment with a separate combination lock. Both he and the defendant knew the combinations to these locks. Defendant began work for F. A. Gackenbach about 1920, and for several years prior to his death he and defendant collected moneys due the lodge and deposited the same in his account. She also assisted in the operation of the cemetery association and was its secretary-treasurer. About December 1, 1932, F. A. Gackenbach placed in the inner compartment of the safe an envelope containing the cemetery stock which he had endorsed to Blanche Fulton and several other envelopes containing stock of Mrs. Bloss, Betty

Fulton and Jane Gackenbach, and about the same time either he or defendant placed in the inner compartment of the safe an envelope containing the certificates endorsed to defendant and the notes above mentioned which had been endorsed to Mrs. Fulton and defendant.

At all times after the stock was placed in the compartment of the safe it was accessible to F. A. Gackenbach and to the defendant, as his secretary, and it was within the power of F. A. Gackenbach at any time, or at all times prior to his death, to take any of the stock certificates and notes and erase the assignments which he had executed on them. For a number of years he had made a practice of endorsing assignments on the back of the certificates of the American Cemetery Association stock and afterwards erasing these assignments and inserting new ones. This had been done a number of times. The certificates in evidence indicate that some of this stock now shown as assigned to defendant had previously been assigned to Blanche E. Fulton and some of it to Clay Fulton, neither of whom appeared to have known about it. After the death of F. A. Gackenbach, and on January 7, 1933, the safe was opened and therein was found an envelope containing stock which had been endorsed to Blanche Fulton, also an envelope containing stock which had been endorsed to defendant, also the deed, placer notices, and oil royalty certificates, and other envelopes containing stock of Annie Bloss, Jane Gackenbach and Betty Fulton. On each envelope was written the name of the person to whom the stock or other instruments had been assigned. As these were taken out Mr. Brown, who had been an attorney for Mr. Gackenbach in some matters, and later one of the attorneys for plaintiff, handed the respective envelopes to the parties whose names appeared thereon. The trial court found the fact that he did so was without legal effect, and no contention to the contrary is made in this case.

In harmony with these findings and conclusions it was adjudged that all of the property represented by the instruments in question was owned by the testator at the time of his death and passed to the plaintiff as a part of the assets of his estate.

We turn now to the questions argued on behalf of appellant. It is first contended the contract or arrangement by which the stock, notes, and other property were transferred to defendant was rescinded without placing the defendant in the position in which she was before the contract was made and restoring to her the purchase

price.  The point is not well taken.  Indeed, it is suggested here for the first time.  This was not an action in rescission, and no one in the trial court so contended.  The action was one to set aside a deed and certain assignments on certificates and endorsements on notes, and to have it adjudged that the property in controversy belonged to the decedent at the time of his death and to be a part of the assets of his estate which passed to the executrix of his will.

It is next argued that the evidence offered to prove consideration paid for the property was competent.  Under this head appellant argues matters which were not before the trial court at all, or in a way distinctly different than presented to the trial court.  The only financial consideration alleged by defendant in her answer as having been paid for any of the property consisted of allegations to the effect that defendant's $10-a-week salary from the cemetery association was paid as received to F. A. Gackenbach for some of the cemetery stock issued to her.  On the trial no evidence was offered in support of that allegation, hence there could have been no erroneous rulings respecting such evidence.  At the trial there was evidence tending to show that in 1921 defendant's check for $500, and in 1923 her check for $800, were deposited to the credit of F. A. Gackenbach in his account at the bank.  We need not analyze this evidence in detail except to state that objections were sustained to some questions asked concerning those transactions, but the fact that defendant's checks for those amounts were so deposited got into the record.  We find no contention made at the trial that these checks represented payments on cemetery association stock, or any other property involved in this action.  The checks were deposited, one of them seven years and the other one nine years, before F. A. Gackenbach acquired control of the cemetery association stock in 1930, and before defendant claims to have acquired any of the stock. It would not have been reversible error had the court excluded all the evidence pertaining to those checks.

Appellant next argues that the stock certificates, notes and other property were transferred and delivered.  This was a question of fact.  The trial court found to the contrary.  The evidence abundantly sustains the findings of the trial court in this particular.  It would serve no useful purpose to set this evidence out at length.

We find no error in the record.  The judgment of the court below is affirmed.